UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

In re: SHERRI KAY PAYNE                    Case No. 10-12347
                                           Chapter 13

MOTION FOR ENTRY OF ORDER AUTHORIZING THE RULE 2004 EXAMINATION AND
REQUIRING THE PRODUCTION OF DOCUMENTS BY CITIMORTGAGE, INC.
PURSUANT TO FED. R. BANKR. P. 2004 AND 9016

NOW INTO COURT, through undersigned counsel, comes R. Michael Bolen, the United

States trustee for Region 5 (the "U.S. Trustee") and hereby moves, pursuant to Fed. R. Bankr. P.

2004 and Fed. R. Bank. P. 9016 for the entry of an order:

(a)     Authorizing the issuance of a subpoena *duces tecum* compelling CitiMortgage, Inc. (hereafter

        "CitiMortgage") to produce and permit inspection and copying of those documents identified

        in Exhibit A attached hereto; and

(b)     Compelling CitiMortgage, through Martin Maina, to appear for an examination to be

        recorded verbatim by stenographic means and to give testimony under oath at the time and

        place below.

        **PRODUCTION OF DOCUMENTS:**

        **Date:**      December 13, 2010

        **Time:**      No later than 5:00 p.m.

        **Place:**     The Office of the U.S. Trustee, 1100 Commerce Street, Room 976, Dallas, TX

        75242

        **APPEARANCE FOR EXAMINATION**

        **Date:**      December 17, 2010

        **Time:**      9:00 a.m.

        **Place:**     The Office of the U.S. Trustee, 1100 Commerce Street, Room 976, Dallas, TX

        75242

Counsel for the U.S. Trustee contacted Martin Maina, the bankruptcy specialist who signed the Proof of Claim for CitiMortgage. by letter sent by fax and mail on November 19, 2010. The letter requested dates available to Mr. Maina to schedule the Rule 2004 examination and said the 2004 examination would be scheduled for December 13 at 9:00 if no response was received by noon on Tuesday, November 23, 2010. On Tuesday, November 23 2010, the undersigned spoke with in-house counsel for CitiMortgage who asked about alternative dates for the 2004 examination, however, no specific dates were discussed. The undersigned advised the attorney that she would be willing to try to find an agreed date for the 2004 examination, however, the motion for a 2004 would be filed and CitiMortgage could take any steps it deemed necessary if no agreement as to a date could be reached.

## A. **Background**

1. A Proof of Claim with attachments signed by Martin Maina was filed on behalf of CitiMortgage on ECF on October 13, 2010. The Itemization attached to the Claim includes the following arrearages as of the date of filing:

$1,537.64 – 2 payments at $768.82 each (July 2010 to August 2010)
$     30.75 – accrued late charges
$   810.08 – escrow shortage
$       2.83 – interest on escrow
$     19.57 – late charge
$     97.80 – property inspection

Additional supporting documents and information are needed to verify the amounts set forth in the Proof of Claim.

## B. **Standing of United States Trustee**

2. The U. S. Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the U.S. Trustee standing under Section 307 of the Bankruptcy Code

to raise and be heard on any issue under Title 11, except that the U.S. Trustee may not file a reorganization plan under chapter 11.  *See* 11 U.S.C. § 307.  *See also In re Glados, Inc.*, 83 F.3d 1360, 1361 n.1 (11th Cir. 1996); *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991); *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990); *Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007).  Indeed, the U.S. Trustee is not required to demonstrate any concrete, particularized injury under Section 307 of the Bankruptcy Code to assert standing.  *See United Artist Theater Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003).  Rather, the U.S. Trustee may take such actions he deems necessary under Section 307 of the Bankruptcy Code to protect the public interest in the enforcement of federal bankruptcy law. *See Clark*, 927 F.2d at 796; *Plaza de Diego*, 911 F.2d at 824.

    3. Section 586 of Title 28 contains additional authority for the U.S. Trustee, among other things: (a) to supervise the administration of cases under Title 11 and take such actions as the U.S. Trustee deems necessary to prevent undue delay; and (b) perform such other duties consistent with Titles 11 and 28 as the Attorney General may prescribe. *See* 28 U.S.C. §§ 586(a)(3)(G) and 586(a)(5).  Even absent the congressional grant of standing to the U.S. Trustee under Section 307 of the Bankruptcy Code, the U.S. Trustee has standing to act where its actions advance the U.S. Trustee's interest in the administration of bankruptcy proceedings. *See A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

    **C. <u>Examination Under Fed. R. Bankr. P. 2004</u>**

    4. Examination is the traditional means of discovery in bankruptcy.  *See* Fed. R. Bankr. P. 2004.  The procedures for examination are set forth under Fed. R. Bankr. P. 2004.  Rule 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor.  Courts that have analyzed Bankruptcy Rule

2004 have recognized that the permitted scope of the examination is extremely broad.  *See, e.g.*, *In re N. Plaza L.L.C.*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) ("It is well established that the scope of a Rule 2004 examination is exceptionally broad."); *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)); *Martin v. Schaap Moving Sys., Inc.*, 153 F.3d 919, 1998 WL 405966, at *2 (5th Cir. 1998) (unpublished table decision).

5. Frequently on a request to examine, no hearing is held unless an entity contesting the examination files a motion to quash or seeks a protective order.  Once such a motion is filed, however, the burden shifts to the party seeking an examination to show "good cause" for the examination to proceed.  *See In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).  The movant must show "'some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice.'"  *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D. Ill. 1989) (citing *In re Wilcher*, 56 B.R. at 434-35 ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered")).  *See also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (same); and *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993).  "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond*, 140 B.R. at 201.  Upon a showing of good cause, the party opposing an examination must make a showing that the discovery is oppressive or burdensome.  *See id.*

**D. Good Cause Exists to Examine CitiMortgage**

6. It is essential that proofs of claim filed in bankruptcy cases correctly state and documents support the amounts claimed by creditors, especially when the proofs of claim relate to debts secured

by a mortgage on the debtor's principal residence. This heightened concern for a debtor's home is evidenced by Local Rule 3002 - 1(D), which requires additional information in support of a proof of claim secured by the debtor's principal residence. Recently, there has been increased national attention on verifying that actions against homeowners are based on accurate information. Individual debtors may lack the resources to investigate the issue, as is could increase their attorney's fees and may not affect their monthly payment, however, systemically it is important that Proofs of Claim are accurate. For this reason, it is particularly appropriate for the U.S. Trustee to raise the issue. In the instant case, additional documentation and information are necessary to verify that the amounts set forth in the Proof of Claim and Itemization are correct.

7. Issues relating to the accuracy of Proofs of Claim directly relate to proper administration of the bankruptcy estate and the integrity of the bankruptcy system. The U.S. Trustee seeks to ascertain whether there was any deviation from the standards established by the bankruptcy code and/or potential abuse of the bankruptcy system or its procedures. 28 U.S.C. § 528(3)(G); 11 U.S.C. § 307; and *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1996) (Congress intended the United States Trustee to be an enforcer of bankruptcy laws).

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an Order authorizing the issuance of a subpoena *duces tecum*:

A.  Compelling CitiMortgage to produce the documents described in Exhibit A;

B.  Compelling CitiMortgage to appear for an examination at the date, time, and location set forth herein and to answer any and all questions relating to the applicable procedure for determining the information in and documents attached to Proofs of Claim, including the Proof of Claim filed in the instant case; and

C.  Granting such other and further relief as this court deems just and proper.

Respectfully submitted,
R. Michael Bolen
United States Trustee, Region 5


By: */s/ Gail B. McCulloch*
        Gail B. McCulloch

Gail B. McCulloch, LA Bar No. 3337
Trial Attorney
Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101
Telephone No. (318) 676-3456
Direct Telephone No. (318) 676-3550
Facsimile No. (318) 676-3212

# EXHIBIT A

**INSTRUCTIONS**

A. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

B. Any defined term with or without capitalization or quotation marks used herein shall be regarded as a defined term for purposes of Exhibit A.

C. Each of the requests in Exhibit A is for Documents in Your possession, custody or control whether or not prepared, authored, or executed by You.

D. Each Document is to be produced as it is kept in the usual course of business and shall be organized and labeled to correspond with each paragraph in Exhibit A, below.

E. Do not produce privileged Documents. Instead, if any Documents are withheld under a claim of privilege, furnish a list describing each document for which privilege is claimed, together with the following information:

 1. Author and job title;
 2. Name and job title of each recipient and person to whom a copy was furnished;
 3. Date of the Document;
 4. Basis on which privilege is claimed; and
 5. The specific request under Exhibit A to which each such document is responsive.

F. If any Document has been destroyed, discarded, or is otherwise no longer in existence please state:

 1. Author;
 2. Date of the Document;
 3. Subject matter of the Document;
 4. The date it was destroyed, discarded, or discovered to no longer be in existence; and
 5. The reason it was destroyed, discarded, or is no longer in existence.

G. You should supplement or amend your responses to these requests if additional Documents covered hereby are obtained or discovered.

H. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

I.    In producing Documents You are requested to produce the original of each Document requested together with all nonidentical copies and drafts of that Document.

## DEFINITIONS

**"Debtor"** means and refers to the debtor(s) in the case in which this motion has been filed.

**"Document" or "Documents"** means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The definition includes any electronically stored information including, but not limited to, sound recordings, videos, images, software files such as accounting or word processing files (including drafts, embedded data, and metadata). The term **"Document" or "Documents"** includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheet or things similar to any of the foregoing however denominated. The term **"Document" or "Documents"** further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a documents if the person has a right to secure the document or a copy thereof.

**"And"** and **"or"** as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

**"Any"** means one or more.

**"Describe," "discuss," "analyze," "describing," "discussion,"** or **"analyzing,"** mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

**"Person"** means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

**"Relate to"** and **"relating to"** mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

**"You"** or **"Your"** mean CitiMortgage, Inc. and CitiMortgage, Inc.'s officers, employees, agents, representatives, accountants, attorneys and/or other representatives, as well as any and all other Persons acting directly or indirectly on CitiMortgage, Inc.'s behalf.

**"Year"** means calendar year.

## DOCUMENTS REQUESTED

1. All documents, books, papers and records reviewed, referenced or otherwise relied on to prepare the Proof(s) of Claim filed on behalf of CitiMortgage in the case in which this motion has been filed ("Proof Of Claim").

2. A complete loan history for the loan referenced in the Proof of Claim (commonly called a "pencil ledger"), complete with all outstanding charges, fees, principal and interest due and owing and any other charges claimed to be owed together with a history of all payments made by any entity for credit against such loan balance, regardless of whether or not such payments where actually credited against the outstanding loan balance.

3. All documents relating to:

a. The receipt of payments made by or on behalf of the Debtors; and

b. The recordation of payments that were received from or on behalf of Debtors; and

c. The handling and/or internal processing of payments made by or on behalf of Debtors;

d. The accounting and application of payments made by or on behalf of Debtors; and

e. The issuance or authorization for issuance of letters or notices of default or delinquency to the Debtors.

4. All documents evidencing, relating or referring to, or concerning any policy or procedure, written or otherwise published, regarding:

a. The protocol for receiving payments by or on behalf of debtors in bankruptcy cases; and

b. The protocol for recording payments that are received by, from, or on behalf of debtors in bankruptcy cases; and

c. The protocol for handling and/or internal processing of payments made by or on behalf of debtors in bankruptcy cases;

d. The protocol for accounting and applying payments made by or on behalf of debtors in bankruptcy cases; and

e. The protocol for the issuance or authorization for issuance of letters or notices of default or delinquency to debtors in bankruptcy cases.

5. Copies of any and all notes made by CitiMortgage's employees, or of any agent employed by CitiMortgage to review or otherwise manage or service the loan referenced in the Proof of Claim, regarding the amounts due under the loan agreement; the calculation of any principal, interest, fees or other charges, whether pre or post petition; the calculation of or application of any payments made against the loan balance or any charges arising under the promissory note; together with any notes

evidencing or regarding any communications with the above named debtors or their counsel, whether such communications were oral or written.

6. Copies of all correspondence to or from any person (including but not limited to the Debtor/borrower, any authorized agent or any third party) in the possession of CitiMortgage regarding the loan referenced in the Proof of Claim.

7. All documents evidencing, relating or referring to, or concerning any policy or procedure for CitiMortgage to collect on pre-petition or post-petition debts or claims from debtors in bankruptcy cases, including but not limited to policies or procedures regarding communications or correspondence with debtors in pending bankruptcy cases.

8. All documents evidencing, relating or referring to, or concerning any policy or procedure for the triggering event or events that generates a communication in bankruptcy cases regarding defaults, delinquencies, or other deficiencies.

9. Copies of all documents which support or evidence charges included in the Proof of Claim including, but not limited to, invoices and other related documents issued by any attorney establishing the actual amount of any pre or post petition attorney's fees for which CitiMortgage claims the Debtor/borrower is responsible pursuant to the promissory note, how the amount of such fees were derived, and any additional documents which demonstrate that the fees claimed were reasonable.

10. All documents evidencing, relating to, or referring to any attempt by CitiMortgage to collect on its debt from the Debtors, to include documents used to support its proof of claim.

11. A complete copy of the Promissory Note forming the basis of the underlying obligation for which CitiMortgage seeks payment, together with any assignments and endorsements thereof.

12. A completed copy of any Deed of Trust or any other security instrument, together with evidence of perfection of the security interest and any assignments and endorsements thereof, which CitiMortgage claims secures the debt underlying the loan referenced in the Proof of Claim.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Entry of Order Authorizing the Rule 2004 Examination and Production of Documents by CitiMortgage, Inc. Pursuant to Fed. R. Bankr. P. 2004 and 9016, was either sent by First Class United States Mail, postage prepaid, or by CM/ECF transmission to the following persons and entities:

Sherri Kay Payne
9001 Hilton Drive
Shreveport, LA 71118

Michael B. Rennix
The Rennix Law Firm
753 Dalzell Street
Shreveport, LA 71104

Lucy G. Sikes (Ch 13 Trustee)
Chapter 13 Trustee
P.O. Box 1770
Shreveport, LA 71166

Martin Maina
CitiMortgage, Inc.
P.O. Box 140609
Irving, TX 75019

Kim Andres
CitiMortgage, Inc.
6400 Las Colinas Blvd
Irving, TX 75039

Martin Maina
CitiMortgage, Inc.
6400 Las Colinas Blvd
Irving, TX 75039

GE Money Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

United States Attorney's Office
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101


DATE:     November 30, 2010          */s/ Samantha Brown*
                                      Samantha Brown, Paralegal Specialist
                                      Office of the U.S. Trustee
                                      300 Fannin Street, Suite 3196
                                      Shreveport, LA 71101
                                      (318) 676-3456